SUMMARY ORDER

Petitioner Moussa Bourouisa, a native and citizen of Algeria, seeks review of a December 12, 2005 order of the BIA affirming the September 16, 2005 decision of Immigration Judge (“IJ”) John Reid denying Bourouisa’s application for asylum, *57 withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Moussa Bourouisa, No. A97 915 159 (B.I.A. Dec. 12, 2005), aff'g No. A97 915 159 (Immig. Ct. Batavia N.Y. Sept. 16, 2005). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
I. Asylum
As an initial matter, because Bourouisa appears pro se before the Court, we construe his brief broadly so as to raise the strongest arguments it suggests. See Weixel v. Bd. of Educ., 287 F.3d 138, 145-46 (2d Cir.2002). Even construing his arguments broadly, however, he fails to raise any challenge to the IJ’s finding that his asylum application was untimely filed. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 546 n. 8 (2d Cir.2005). We therefore deem any such argument waived and proceed to consider only the agency’s denial of his request for withholding of removal and CAT relief.
II. Withholding of Removal and CAT Relief
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency’s reasoning or its fact-finding process was sufficiently flawed. See Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 406 (2d Cir.2005); Tian-Yong Chen v. INS, 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Islami v. Gonzales, 412 F.3d 391, 396 (2d Cir. 2005).
The Government argues that Bourouisa waived any challenge to the IJ’s decision because his brief “consists of only six sentences that are essentially unintelligible.” However, even if difficult to understand, Bourouisa’s pro se brief, when broadly construed, does challenge the IJ’s adverse credibility determination, to the extent that he attempts to explain why he told the IJ that he was not homosexual. See Weix-el, 287 F.3d at 145-46.
Nevertheless, Bourouisa’s argument is without merit, because the IJ’s adverse credibility determination is supported by substantial evidence. An IJ is entitled to find that an applicant’s false testimony “may infect the balance of [his] uncorroborated or unauthenticated evidence.” Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir.2007). Here, Bourouisa admitted to the IJ that he lied to Canadian immigration authorities by claiming that he was a homosexual. Additionally, Bour-ouisa admitted that he told the Canadian authorities that he came to the United States by boat, even though he actually entered the United States with a nonimmi-grant visa. The IJ reasonably found that Bourouisa’s admissions revealed a propensity to lie, i.e., “that [he] will do or say anything that he deems appropriate in order to be allowed to get what he wants.” We find that conclusion to be reasonable under the circumstances. See id.
Before the IJ, Bourouisa admitted that he lied when he told Canadian authorities that he was afraid to return to Algeria because he is homosexual. To the extent that Bourouisa Qlaims before this Court now that he is homosexual, and lied not to Canadian authorities but to the IJ, his argument is unexhausted and we decline to consider it. See 8 U.S.C. § 1252(b)(4)(A); *58 Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 107 n. 1(b) (2d Cir.2007).
Bourouisa’s admissions to lying provide substantial evidence for the IJ’s adverse credibility determination. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic, 519 F.3d at 95. Because that determination is dis-positive of Bourouisa’s applications for withholding of removal and CAT relief, it is unnecessary for us to consider the IJ’s alternate finding that he failed to meet his burden of proof.
III. Frivolousness Finding
In addition to finding that Bouroui-sa was not credible, the IJ concluded that he submitted a frivolous asylum application. Bourouisa does not challenge the IJ’s frivolousness finding in his brief to this Court. However, in light of the serious consequences of a frivolousness finding, because the IJ’s finding was flawed, and because “[t]he Government does not seek to defend the IJ’s frivolousness determination,” we grant the petition for review on the limited question of the IJ’s frivolousness determination. See LNC Invs., Inc. v. Nat’l Westminster Bank, N.J., 308 F.3d 169, 176 n. 8 (2d Cir.2002) (acknowledging that the Court has the authority to address an argument despite the petitioner’s waiver of that argument, but that it will ordinarily not do so unless manifest injustice would otherwise result).
Title 8, Section 1158(d) of the United States Code provides that if the Attorney General determines that an individual has “knowingly made a frivolous application for asylum” and has received notice of the consequences of filing such an application, she shall be “permanently ineligible for any benefits” under the immigration laws. 8 U.S.C. § 1158(d)(4)(A); (6). The regulations provide that an asylum application is frivolous if any of its material elements is deliberately fabricated. See 8 C.F.R. § 1208.20. However, an adverse credibility determination does not, by itself, support a finding that an asylum application is frivolous. See In re Y-L-, 24 I. & N. Dec. 151, 156 (B.I.A.2007). Accordingly, even when an IJ finds an applicant not credible, the IJ must address the question of frivolousness separately and discuss the evidence that supports the finding that the applicant deliberately fabricated a material element of his asylum claim. See id.
Here, while the IJ’s findings are sufficient to support an adverse credibility determination, they are insufficient to support a finding that his application was frivolous. See 8 C.F.R. § 1208.20. In particular, the IJ did not separately address whether Bourouisa knowingly filed a frivolous application and whether there was sufficient evidence in the record to support a finding that he deliberately fabricated a material element of his asylum application. See In re Y-L-, 24 I. & N. Dec. at 155.
For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part. We vacate the IJ’s finding that Bourouisa’s asylum application was frivolous. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).